# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KELLY SUNDAY,

    Plaintiff,

v.                                                    Case No. 8:20-cv-00078-T-02AAS

BELLEAIR VILLAGE, LTD,
a Florida Limited Partnership
and Unknown Defendant #1; and Unknown
Defendant #2

    Defendants.
_____/

## ORDER GRANTING
## DEFENDANT'S MOTIONS TO DISMISS

This matter comes to the Court on Defendant Belleair Village LTD's Motion to Dismiss, Dkt. 8, Plaintiff Kelly Sunday's Complaint. Dkt. 1. Plaintiff filed a response. Dkt. 9. With the benefit of full briefing, the Court grants the Defendant's Motion to Dismiss.

### Legal Standard

Motions to dismiss based on lack of standing attack the court's subject matter jurisdiction and are therefore considered pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1). *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). A Rule 12(b)(1) motion to dismiss challenges a court's subject matter jurisdiction on

either facial or factual grounds. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Because Defendant presents matters outside the pleadings, Defendant seeks a factual attack on jurisdiction. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). For a factual attack, "the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.*

## Discussion

Plaintiff is a disabled individual who requires the use of various aids to walk. Dkt. 1 ¶ 4. She brings this suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendant Belleair Village operates a motel that Plaintiff claims discriminates against her and others by failing to remove architectural barriers to access in violation of the ADA. Plaintiff's Complaint lists fifteen alleged violations of the ADA. Dkt. 1 at 6–8. Defendant contends that it has voluntarily undertaken measures to remedy these alleged ADA violations, and that Plaintiff's claims are now moot. Dkt. 8 at 3–6. Defendant Belleair Village also argues that Plaintiff lacks standing.

Defendant Belleair Village argues that Plaintiff lacks standing to sue. Defendant Belleair Village contends that Plaintiff has not suffered an injury-in-fact required for Article III standing. This Court agrees.

To establish standing, Plaintiff must show: (1) she suffered an "injury-in-fact"; (2) a causal connection between the asserted injury-in-fact and the challenged action of the Defendant; and (3) "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citations omitted). "To establish injury in fact, [Plaintiff] must show that [she] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted).

First, whether Plaintiff is an "ADA tester" or concealed her reasons for visiting, her motives for going to Defendant Belleair Village's motel are irrelevant. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013). "A plaintiff can establish injury-in-fact by showing a loss of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any entity." *Houston v. 7-Eleven, Inc.*, No. 8:13-cv-1845-T-17AEP, 2014 WL 5488805, at *7 (M.D. Fla. Oct. 30, 2014). Whatever her purported reasons for going to Defendant Belleair Village's motel, Plaintiff is a disabled individual for the purposes of the ADA and alleges she encountered barriers to access. This is enough to plead an injury-in-fact.

That said, "[t]he 'injury-in-fact' demanded by Article III [of the ADA] requires an additional showing when injunctive relief is sought." *Houston v. Marod*

3

*Supermarkets, Inc.*, 733 F.3d at 1328. Since Plaintiff is seeking injunctive relief under the ADA, she "must also plausibly show that she will suffer disability discrimination by the defendant in the future." *Kennedy v. Solano*, 735 F. App'x 653, 655 (11th Cir. 2018). This threat of future injury must be "real and immediate" rather than "conjectural or hypothetical." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d at 1329. Factors that are looked at to determine whether the threat is "real and immediate" are: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id.* at 1337 n.6. These factors are not exclusive, nor is one factor dispositive. *Id.*

Most of these factors cut against Plaintiff. While normally the proximity factor looks to a plaintiff's closeness to defendant's property, here Plaintiff's closeness to Defendant's property shows the unlikelihood of future injury. Plaintiff alleges that she is "a consumer who frequents businesses in the Tampa Bay Area" and her "attorneys, friends, and medical providers are located in the Tampa Bay area which she frequents often and on a constant basis." Dkt. 1 ¶¶ 5 & 6. She also notes that she resides in Pinellas County. *Id.* ¶ 4. Defendant Belleair Village's motel is in Largo, Florida—part of Pinellas County. To travel from one end of

4

Pinellas County to the other would be around an hour drive.¹ Despite her frequent travel within the Tampa Bay area, Plaintiff has presented no argument about why she would frequent a hotel within an hour of her residence. *See, e.g.*, *Am. Patriots Advocating for Disabled Rights, Inc. v. Budget Suites of Am. LLC*, NV-704, No. 2:09-CV-01528-KJD, 2011 WL 1197531, at *2 (D. Nev. Mar. 29, 2011) ("The Court . . . finds that it is more likely than not that Plaintiffs do not intend to vacation further at [a hotel] in the same city in which they reside."). Nor has Plaintiff alleged any past patronage of Defendant Belleair Village's motel. *See, e.g.*, *Longhini v. Gateway Retail Center, LLC*, Case No. 3:17–cv–899–J–32JBT, 2018 WL 623654, at *3 (M.D. Fla. Jan. 20, 2018) (finding one visit to defendant's business did not establish that plaintiff was a frequent visitor).

The only factor in Plaintiff's favor is the definiteness of her plans to return. Courts generally require more than a generalized "some-day" wish to return at an unspecified point in the near future. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563–64 (1992). Here, Plaintiff alleges that "within ninety (90) days from the service of the Complaint, Plaintiff will revisit the Motel to ensure compliance with

---

¹ The Court estimated this distance through a Google Maps query between the northernmost point of Pinellas County and the southernmost point, *see* Google Maps, www.maps.google.com (last visited Mar. 31, 2020), and takes judicial notice of that fact. *See Munson S.S. Lines v. Newman*, 24 F.2d 416, 417 (5th Cir. 1928) (taking judicial notice of distance between cities); *United States v. Williams*, 476 F. Supp. 2d 1368, 1378 n.6 (M.D. Fla. 2007) ("A Court may take judicial notice of the driving distance between two points located in the record using mapping services whose accuracy cannot reasonably be questioned.").

5

the ADA." Dkt. 1 ¶ 24. While vague, this is a slightly more definite plan to return than just a "some-day" intention.

In sum, Plaintiff has expressed, at best, a mere allegation of an intent to return to Defendant Belleair Village's motel. This is not enough to show that threat of future injury here is "real and immediate" rather than "conjectural and hypothetical." Plaintiff has failed to adequately show an injury-in-fact and lacks standing to sue. Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted.

## Conclusion

The Court grants Defendant's Motion to Dismiss, Dkt. 8, without prejudice. Should Plaintiffs not re-plead a second amended complaint within 14 days, the matter will be closed.

**DONE AND ORDERED** at Tampa, Florida, on March 31, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record